IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEIDRIC JAMONT BARRIERE, #1354958, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-1879 |
| MATTHEW STONE, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL

Plaintiff Deidric Jamont Barriere (#1354958) filed this civil rights complaint under 42 U.S.C. § 1983, alleging that officials at the Ferguson Unit of the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ") used excessive force against him when he was being moved to a different custody level. (Docket Entry No. 1 at 4).

On January 12, 2017, the Court ordered that service of process be effected on the named defendants in this case. *See* Docket Entry No. 8. In that same Order, the Court instructed Plaintiff as follows:

> 5. The plaintiff will respond to any motion filed by the defendants within thirty (30) days of the date on which the defendant mailed plaintiff his copy, as shown on the certificate of service. <u>Failure of the plaintiff to respond to the defendants' motions within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.</u>

Docket Entry No. 8 at 3. On June 1, 2017, Defendants filed a motion to dismiss this case as barred by the two-year statute of limitations for civil rights cases. *See* Docket Entry No. 15. The Court's January 12, 2017 Order specifically advised Plaintiff that this action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he failed to respond timely to the Defendants' motion. To date, and more than five months since Defendants served Plaintiff with their motion, Plaintiff has not responded to their motion or given any indication that he disagrees with Defendants' determination that he placed his complaint in the prison mailbox system after the two-year statute of limitations had expired for his claims.

Plaintiff's failure to pursue this action leads the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); Slack v. McDaniel, 120 S. Ct. 1595, 1607 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); Larson v. Scott, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). Plaintiff is advised, however, that relief from this Order may be granted upon a proper showing in accordance with Rule 60(b) of the Federal Rules

of Civil Procedure. At minimum, a proper showing under Rule 60(b) would include full compliance with the Court's previous orders.

Accordingly, based on the foregoing, it is **ORDERED** that this case is **DISMISSED** without prejudice for want of prosecution. All pending motions are **DENIED as MOOT.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 20TH day of December, 2017.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE